May it please the Court, Laura Irwin from the U.S. Attorney's Office on behalf of the Government. With the Court's permission, I would like to reserve two minutes for rebuttal. Thank you. Your Honors, this is a case about Melissa Huet's intent to assist her boyfriend in his possession. It is not a case about negligent or reckless conduct regarding her possession of a firearm that she is permitted to own. It's a case about intent. Undoubtedly, as articulated by the Supreme Court in Heller, Melissa Huet, as a law-abiding responsible citizen, has a right to possess a firearm within her home for purposes of self-protection. That right, however, has no bearing on the elements that the Government is obligated to prove under this indictment, under Count 3. We must prove that she knowingly and intentionally aided and abetted Mr. Hall's possession of that firearm. Specifically, we must prove that Mr. Hall had a previous felony conviction. We must prove that Hall knowingly possessed that firearm. We must prove that the firearm moved interstate commerce. And finally, the only element with regard to Melissa Huet is that we have to prove that she knew of that offense and that she aided and abetted, that she facilitated that offense, that she helped... There's no standing rule at this point that requires the Government, when there is a Section 2 indictment, to add anything more than the elements that we included in our indictment, which put her on notice of the offense. I'm concerned about double jeopardy implications. You can have the case proceed on one theory that, for example, that she passively allowed it to be accessible to him, and that's enough, and then you lose on that theory, and then you come back and you re-indict and say, but she actually was a strong person, and that would be different. Would she be precluded once you lose on one theory? I don't know that we'd be precluded, but I think our indictment makes clear that we are proceeding on an aiding and abetting theory, and if she requires further information about that, she could have filed a bill of particulars or done anything. Our point in this case is that her possession that's lawful under Heller is not implicated in any way by this count in the indictment. The fact that she can legally possess a firearm, even while living with a prohibited person, is not relevant to the elements that we need to prove. Isn't that really the crux of your case, though, that she possessed it? That law code hasn't paid you the ball? Well, I don't want to be tethered to that's the crux of our case, because the district court said that was the theory of our case, and it's not the theory of our case. Our theory is, to the extent that I'm going to put one out there and arguably the trial assistant will be bound by it, it's that she became an aider and abetter. Now, keep in mind that Heller protects possession that's done by a lawful, responsible, law-abiding citizen for the purposes of self-protection within the home. To the extent that we would offer... Well, but we're allowed to bring forward our evidence. I mean, obviously we had a basis for bringing the indictment, and we can bring forward evidence that, to the extent that we may not even need to do this, but we can bring forward evidence that shows her possession that is not protected by Heller. If she's aiding and abetting, she's not a law-abiding, responsible citizen. If she's aiding and abetting his possession, she is not using or possessing that firearm for purposes of self-protection within the home. Was the district court wrong when it said that the facts in this case... Yes, it was, Your Honor. It's our position that's set forth in our brief that the district court went well beyond the four corners of the indictment and simply found facts that had no basis to find. Specifically, our complaint is this motion by Melissa Hewitt did not make clear whether it was an as-applied or a facial challenge. We filed a response saying, this is a sufficiency challenge. We'll put our evidence forward at trial. The district court, without any notice to us, treated it as... If you look at page 8 of its order, he says, I don't know what this is, but I'm treating it as an as-applied challenge. We should have had notice of that. Second, the district court went on to say, these are uncontroverted facts. We should have had notice that the district court was considering those facts as being uncontroverted because we never had an opportunity to object to those facts. Are you saying the defendant could not bring forth an as-applied challenge until trial? No, it's not our position at all, Your Honor. A defendant still can. Keep in mind, we are not suggesting that as a per se rule, almost as a facial invalidation, that a defendant cannot bring a motion to dismiss as applied to a Second Amendment challenge. But what we would ask is that, very similar to the summary judgment motion to dismiss context in the civil side, that if the motion itself is unclear, we should be given notice that that's what the district court is going to treat it as. If the district court is going to make factual findings, we should have an opportunity to submit facts that would lead to a dispute in the facts, and therefore the district court would be unable to decide the motion. But in essence, you're saying the district court was wrong in two ways. They shouldn't dismiss this indictment under Rule 4 and on the basis that it didn't state it best. That's correct. And secondly, they should not have dismissed this indictment on the basis that the defendant decided it best. That's correct, Your Honor. And I think that with regard to the Second Amendment issue, that's quite clear. Do you have any proof that the district court was wrong in both of those? Well, the district court did not use any language about, in the alternative, I would dismiss on this ground. But I think it's pretty clear from its order that it was going to reach the same result, regardless of whether or not the indictment passed the sufficiency test. It's our position that the Supreme Court has made very clear in Heller Oh, certainly. I think there can be cases in which, if done properly, it could be determined that There's a long list. One is it determines sufficiency. Second, it heightened the pleading requirements for a Section 2 violation. And third, it looked beyond the four corners of the indictment and made the conclusion that it would treat this case as an as-applied challenge, that it would treat the facts as uncontroverted, and therefore dismiss the indictment on that basis. And you're saying, without undisputed facts, you couldn't even get to that Second Amendment court? He says it's in the home, it's sacrosanct. The government cannot encroach on that. And it left us with no ability to test that possession. It certainly did. It certainly did. I believe that's correct, Your Honor. I think he fundamentally misunderstood what Heller protects. I don't think so. I think that if this court instructs the district court on A, the meaning of Heller, and B, how to check the sufficiency of an indictment, that would not happen. Well, this court's already done that in Mazzarella. And I think... That's true, Your Honor. But the point that the district court missed was one articulated by this court in Mazzarella at page 92. The court wrote, That's the disconnect between Mazzarella and the district court. The district court seems to believe that any possession within the home cannot be tested by the government. And it's our position that she could have dual purposes. She could legitimately have that firearm for protecting her home. But at the same time, we believe that we can prove that she knew of and aided and abetted Mr. Hall's possession of the firearm as a felon in possession. Well, yeah. American... That's not what we're trying to say at all, Your Honor. In fact, Melissa Hewitt does have the right, under Heller, to live with someone who is a felon. And she can take any steps or no steps to keep that firearm out of his hands. But once she knows, and once she takes affirmative steps, which is required under the aiding and abetting cases, Forup and Xavier, she is aided and abetted. She gives up that right. It is not an unlimited right. What affirmative steps would she take? I don't know if she took any affirmative steps. But keep in mind, it would not be our position to tell her what steps to take, because I think that would infringe upon her rights. It's up to her. Once she begins to have knowledge and once she begins to assist him, that's where she crosses the line and that's where she gives up her rights under Heller. But at trial, you'll have to prove that she did cross the line. Exactly. Do you want the opportunity? Yes, we do, Your Honor. If there are any other questions, I'll sit down and let Mr. Livingston have his say and come back on rebuttal. May it please the Court. I think I can pick up right where Ms. Irwin left off. What the government conveniently ignores is that there is content added to the boilerplate indictment that it issued. Its prosecutor stood in the court, in the co-defendant's plea colloquy, and said, on the record, before the same judge that issued the order in my case, that Melissa Hewitt's responsibility was because she allowed access to the weapon, to the fellow that she was sharing the house with. Same prosecutor. And that's why, I mean, there are other facts, too. Well, in the first place, Judge, it's not just the Rule 16 material. And in the second place, we're not just talking about any Rule 16 material. I was careful when I pleaded this motion not to get involved in every single detail that I could have. I limited it to, A, the indictment, which alleged, and I think this is a critical fact, the indictment alleged that the aiding and abetting conduct happened over a five-month period of time. However, it alleged that the possessory conduct by the co-defendant happened over a single day. That, in my view, gets me this close to the allowing access argument that I say is insufficient. And then, when the prosecutor says, during the colloquy of the co-defendant, that what she did was she allowed him to have access, in my mind, that closes the circle. But there's more. There's the publicly filed affidavit of probable cause. Again, publicly filed. I get it as Rule 16 material, but it's on the record. And I ask you, what's the district judge supposed to do with that information? He's got a publicly filed affidavit to go along with an indictment that raises questions, a prosecutor that stands in front of him who says that the theory of liability against her is that she allowed him to have access, and then an affidavit in which she is quoted, not paraphrased even, quoted, as saying that she told him not to touch the gun because if she touched the gun, she was going to go give it back. Now, there's a whole lot more Rule 16 material out there. But my point is this, is the district judge is not to turn a blind eye to that, and in fact did not turn a blind eye to it. The government had, by my count, we listed in the brief, four different opportunities. Today's the fifth to come forward and say what else there might be. And I don't think I'm even entitled at this point to detail. Are they required to do that? Well, I would say after Heller they are, Judge, and here's why I say that. It's clear that the general law in the garden variety case, aiding and abetting does not have to be pleaded. However, where this, under, at least under the United States versus American investors case, where the person falls outside the class to whom the substantive statute applies, I think the government, in order to plead a sufficient indictment, and the government did do this here, they are required to affirmatively plead Section 2, a Section 2 violation. And I would say that Heller requires them to take the next step, because if you have a person to whom the statute does not apply, and who engages in. Well, certainly it requires them to take the next step at trial. No, it entitles, if I'm arguably. In the indictment. If I'm arguably covered, if my conduct is at least arguably covered by the Second Amendment, because I have a gun in my house, I think I'm entitled to know a little bit more so that I don't have to accept an indictment and scratch my head and say what did I do wrong. But she's not being indicted for having a gun in her house. Well, I think that the information that the district court had in front of it said that that's what she was indicted for. She was being indicted for aiding and abetting false possession. And I would say that for all practical purposes, they can be. And we did not. I think it should be very plain that my argument is, or my argument is not that a non-felon can never be prosecuted for aiding and abetting. My argument is that a non-felon who merely possesses and does nothing else cannot be prosecuted for aiding and abetting. And the… But your argument also is that if there is the indictment, the indictment has to say what else to do. The indictment has to, after Heller, where there's arguable protection, I think it's incumbent upon the pleader, the scrivener, if you will, to say what is it about this case that takes it outside the protection of the amendment. And I'm not saying that the government… No. Judge, this is, in my mind, this is not a case about presentation of evidence because the information that the district court had was sufficient to let us know that the theory of the government, the theory that the government was providing… I'm just saying there were other facts. And since they didn't have… Since they haven't yet had a chance to have a trial, shouldn't they have the opportunity to present this trial? Well, if, in fact, why should Ms. Hewitt be subject to criminal jeopardy for an unconstitutional indictment? If I was only raising the sufficiency argument, if I was only raising the Section 2 argument, failure to state an offense, I might be on the weak side of this argument. But where the constitutional argument was raised, and there are facts in dispute or the judge clearly has Rule 12 authority to resolve a constitutional issue. The government pretended like that didn't even exist, but it clearly existed. And if there was more, I think the government had the burden or at least they took a heavy risk by not coming forward with what that more was. And I don't think I'm entitled at a pleading stage, Judge Roth, to say or to have details. But I would argue that what the prosecutor said at the colloquy for the co-defendant functioned as the bill of particulars that sort of pours content onto the boilerplate allegation that all she did was aid and abet. So, ultimately, my point is that, in fact, we're not dealing with only a boilerplate allegation. We do have content to pour into it. It's led by the statement that the prosecutor made at the co-defendant's colloquy. But there are other matters also in the public record that inform what the digital court did. Well, if that is the case, should not the government have been given the opportunity to present the counterfacts? My understanding is they weren't. My brief makes plain that they had four opportunities, and they never took advantage of a single one of them. They responded, I believe, twice to my motion. The district judge asked for us to brief the question of, first, how McDonald v. City of Chicago affected the outcome of my motion, and then how Marzarella affected the outcome of my motion. And then, in this court, they never said anything. Now, I will – Well, it's not appropriate in this court for them to say anything. I will grant you that. I never said specifically that my motion was an as-applied challenge. But my motion has always made it plain that it was an as-applied challenge because what we said was we do not take issue with the idea that a non-felon can be charged as an aider and a better, and Xavier is the best case. Xavier's brother went to get him, ran home. He was a non-felon. He ran home, got his brother a gun, brought it back, and handed it to him. So somebody who acts affirmatively can, in fact, be a non-felon. What we were challenging was whether, under Heller and under Section 2, somebody can be punished as an aider and a better when they do nothing but the inchoate, passive activity of possession. Well, I think the government agrees with you on that. Then I don't really understand why we're here. No, the aiding and abetting is not just the inchoate possession. And shouldn't the government have the opportunity to demonstrate that they have evidence beyond the mere possession without the felon having possession? And at least where there's a constitutional challenge, as there is in this case. Well, there might be a constitutional challenge later, but I just don't see on the face of this indictment, I'm not going to say a constitutional challenge would succeed, but it's not the appropriate time to make the constitutional challenge. Well, I think we have facts sufficient based on what the record was in the joint case to be able to bring the constitutional challenge now and to resolve it pre-trial so that Ms. Hewitt is not subject to criminal jeopardy for an unconstitutional indictment. But that's like saying you have summary judgment in criminal cases like you have in civil cases, and I don't think that's the situation. Your Honor, all due respect, this has nothing to do with summary judgment. Again, I say it to you. It's not a question of the sufficiency of the evidence you're stating. It's a question of whether or not the conduct, whatever the conduct was, would be one that is protected by the Second Amendment. Would violate the law. And there are facts that are predicate to that. The judge had those facts right under his nose. What was he supposed to do with them? I think my time's up or almost up. We have four minutes, but we understand your position. Thank you. That's all I have. Thank you. Thank you, Your Honors. Mr. Livingston posits there's value added in this case because of the documents attached to the motion to dismiss. One of those that was referenced by the district court was the colloquy when Mr. Hall entered his guilty plea in which the statement was made that Ms. Hewitt allowed access to the firearm. The second piece of information that the district court focused on from the Rule 16 materials was the following statement, and this is at page 7 of the appendix. There's a statement that Ms. Hall indicated that she was angry, or excuse me, Ms. Hewitt was angry that Hall had been showing off an SPS rifle. She said that if it happened again, she would take it back to the seller. She further elaborated that she was worried that if Hall gets in trouble with that, I get in trouble too because it's in my name and he's got it. Hall invited the undercover agent into his residence where the undercover agent observed the SPS rifle in Hall's computer room. Referring to the SPS rifle, Hall said, that's her SPS rifle, I'm not allowed to have a gun. The district court had that information and somehow construed that to mean that we had absolutely no evidence. Assuming that we had to come forward, assuming that this is all the evidence the court could look at, the district court took those two pieces of information and concluded, made findings, made credibility determinations, looked at sufficiency and said that's not enough. If you look at page 14... ...doesn't the court have a right under Rule 12... Well, Your Honor, I don't see anything like that in Heller. I don't see anything like that in any case cited by the appellee in this case. However, if the district court thought that that was the appropriate step and he was going to make this new rule, A, I don't think I would agree with it, and B, he should have given us notice that there was heightened pleading requirements. But again, my question would be, what are those heightened pleading requirements and why do we have them? We know that notice pleading functions as a minimal due process notification. What would Mr. Livingston have us add? Words from aiding and abetting cases that she... ...without a doubt. And that's covered completely in our brief, and I won't reiterate that here. But that's part of our point. So, in addition, another point I would like to make on rebuttal is that Mr. Livingston suggests that because this is a fundamental right that Ms. Hewitt is somehow entitled to get her case over with right at the beginning and assert that right. I personally might agree with that, but unfortunately that's not the law. Marzarella, Barton, two other Second Amendment cases are cases which proceeded in the same posture. Unsuccessful motion to dismiss, either went to trial or pled, and they are allowed to continue to try to vindicate their rights. Right. But it's the same in the other fundamental rights context. For example, this case, this court in the Stevens dogfighting case, Mr. Stevens filed a motion to dismiss based on his First Amendment rights. He was convicted and he went on appeal and won. Unfortunately, that's how the process works. She's entitled to bring the motion, but she's not entitled to win. She's not entitled to continually, well, strike that. I don't want to go that far. Mr. Livingston would argue that she is entitled. Right, exactly. If there's no further questions, I see my time is up. Actually, this says 141 and the light's red. That's because you're 141. Over. All right. May I have one minute? Thank you, counsel, for a well-argued and well-written case and a very interesting case. We'll take it down. Thank you.